DocuSign Envelope ID: ...

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**FEB 04 2022**

JEFFREY P. ALLSTEADT, CLERK
**TEAM - CA**

**Fill in this information to identify the case:**

Debtor 1    Toby Bayless

Debtor 2 (Spouse, if filing) _____

United States Bankruptcy Court for the: Northern District of Illinois

Case number   21-13372

## Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Leah Lecuyer
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Craig J. Curwood, Esq.
Name

140   Virginia Street, Suite 302
Number   Street

Richmond    VA    23219
City    State    ZIP Code

Contact phone   804-648-4848

Contact email   craig@butlercurwood.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number   Street

_____
City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/____   MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**EXHIBIT A**

| **Part 2:** | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____8,020.00_. Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid wages

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☑ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ 8,020.00

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/28/2022
                   MM / DD / YYYY

DocuSigned by:

*Craig Curwood*

E047 10C794B3445
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Craig | Juraj | Curwood |
|------|-------|-------|---------|
| | First name | Middle name | Last name |

Title        Attorney

Company      Butler Curwood, PLC
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      140        Virginia Street, Suite 302
             Number     Street
             Richmond                          VA        23219
             City                              State     ZIP Code

Contact phone   804-648-4848        Email   craig@butlercurwood.com

---

DocuSign Envelope ID: 722E32EF-6B85-4AB9-80C1-6B617A212D3C2

# EMPLOYMENT CONTRACT

This Employment Contract (this "Contract") is made effective as of September 11, 2020, by and between Powhatan Family Physicians of 2615 Anderson Highway, Suite A, Powhatan, Virginia, 23139 and Leah Lecuyer of 15924 Swindon Court, Midlothian, Virginia, 23112.

A. Powhatan Family Physicians is engaged in the business of healthcare services. Leah Lecuyer will primarily perform the job duties at the following location: 2615 Anderson Highway, Suite A, Powhatan, Virginia.

B. Powhatan Family Physicians desires to have the services of Leah Lecuyer.

C. Leah Lecuyer is an at will employee of Powhatan Family Physicians. Either party is able to terminate the employment agreement at any time.

Therefore, the parties agree as follows:

**1. EMPLOYMENT.** Powhatan Family Physicians shall employ Leah Lecuyer as a Nurse Practitioner. Leah Lecuyer shall provide to Powhatan Family Physicians the services described on the attached Exhibit A, which is made a part of this Contract by this reference. Leah Lecuyer accepts and agrees to such employment, and agrees to be subject to the general supervision, advice and direction of Powhatan Family Physicians and Powhatan Family Physicians's supervisory personnel.

Leah Lecuyer shall also perform (i) such other duties as are customarily performed by an employee in a similar position, and (ii) such other and unrelated services and duties as may be assigned to Leah Lecuyer from time to time by Powhatan Family Physicians.

**2. BEST EFFORTS OF EMPLOYEE.** Leah Lecuyer agrees to perform faithfully, industriously, and to the best of Leah Lecuyer's ability, experience, and talents, all of the duties that may be required by the express and implicit terms of this Contract, to the reasonable satisfaction of Powhatan Family Physicians. Such duties shall be provided at such place(s) as the needs, business, or opportunities of Powhatan Family Physicians may require from time to time.

**3. COMPENSATION OF EMPLOYEE.** As compensation for the services provided by Leah Lecuyer under this Contract, Powhatan Family Physicians will pay Leah Lecuyer $60.00 per hour worked. This amount shall be paid in accordance with Powhatan Family Physicians's usual payroll procedures and subject to applicable federal, state, and local withholding. Upon termination of this Contract, payments under this paragraph shall cease; provided, however, that Leah Lecuyer shall be entitled to payments for periods or partial periods that occurred prior to the date of termination and for which Leah Lecuyer has not yet been paid, and for any commission earned in accordance with Powhatan Family Physicians's customary procedures, if applicable. This section of the Contract is included only for accounting and payroll purposes and should not be construed as establishing a minimum or definite term of employment.

**4. EXPENSE REIMBURSEMENT.** Powhatan Family Physicians will reimburse Leah Lecuyer for the following "out-of-pocket" expenses in accordance with Powhatan Family Physicians policies in effect from time to time:
- professional dues and expenses up to $500 per calendar year

**5. RECOMMENDATIONS FOR IMPROVING OPERATIONS.** Leah Lecuyer shall provide Powhatan Family Physicians with all information, suggestions, and recommendations regarding Powhatan Family Physicians's business, of which Leah Lecuyer has knowledge, that will be of benefit to Powhatan Family Physicians.

**6. CONFIDENTIALITY.** Leah Lecuyer recognizes that Powhatan Family Physicians has and will have information regarding the following:
- processes
- patient lists
- business affairs
- future plans

and other vital information items (collectively, "Information") which are valuable, special and unique assets of Powhatan Family Physicians. Leah Lecuyer agrees that Leah Lecuyer will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any Information to any third party without the prior written consent of Powhatan Family Physicians. Leah Lecuyer will protect the Information and treat it as strictly confidential. A violation by Leah Lecuyer of this paragraph shall be a material violation of this Contract and will justify legal and/or equitable relief.

**7. UNAUTHORIZED DISCLOSURE OF INFORMATION.** If it appears that Leah Lecuyer has disclosed (or has threatened to disclose) Information in violation of this Contract, Powhatan Family Physicians shall be entitled to an injunction to restrain Leah Lecuyer from disclosing, in whole or in part, such Information, or from providing any services to any party to whom such Information has been disclosed or may be disclosed. Powhatan Family Physicians shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.

**8. CONFIDENTIALITY AFTER TERMINATION OF EMPLOYMENT.** The confidentiality provisions of this Contract shall remain in full force and effect for a period of 2 years after the voluntary or involuntary termination of Leah Lecuyer's employment. During such period, neither party shall make or permit the making of any public announcement or statement of any kind that Leah Lecuyer was formerly employed by or connected with Powhatan Family Physicians.

**9. EMPLOYEE'S INABILITY TO CONTRACT FOR EMPLOYER.** Leah Lecuyer shall not have the right to make any contracts or commitments for or on behalf of Powhatan Family Physicians without first obtaining the express written consent of Powhatan Family Physicians.

DocuSign Envelope ID: 1228321F0585-4A83-80E7-856A2122B821

**10. BENEFITS.** Leah Lecuyer shall be entitled to employment benefits, as provided by Powhatan Family Physicians's policies in effect during the term of employment. These benefits include:

- Personal Leave
- Holidays
- Health Insurance

**11. TERM/TERMINATION.** Leah Lecuyer's employment under this Contract shall be for an unspecified term on an "at will" basis. This Contract may be terminated by Powhatan Family Physicians upon no written, and by Leah Lecuyer upon 10 days written notice. If Leah Lecuyer is in violation of this Contract, Powhatan Family Physicians may terminate employment without notice and with compensation to Leah Lecuyer only to the date of such termination. The compensation paid under this Contract shall be Leah Lecuyer's exclusive remedy.

**12. TERMINATION FOR DISABILITY.** Powhatan Family Physicians shall have the option to terminate this Contract, if Leah Lecuyer becomes permanently disabled and is no longer able to perform the essential functions of the position with reasonable accommodation. Powhatan Family Physicians shall exercise this option by giving 30 days written notice to Leah Lecuyer.

**13. COMPLIANCE WITH EMPLOYER'S RULES.** Leah Lecuyer agrees to comply with all of the rules and regulations of Powhatan Family Physicians.

**14. RETURN OF PROPERTY.** Upon termination of this Contract, Leah Lecuyer shall deliver to Powhatan Family Physicians all property which is Powhatan Family Physicians's property or related to Powhatan Family Physicians's business (including keys, records, notes, data, memoranda, models, and equipment) that is in Leah Lecuyer's possession or under Leah Lecuyer's control. Such obligation shall be governed by any separate confidentiality or proprietary rights agreement signed by Leah Lecuyer.

**15. NOTICES.** All notices required or permitted under this Contract shall be in writing and shall be deemed delivered when delivered in person or on the third day after being deposited in the United States mail, postage paid, addressed as follows:

Employer:

Powhatan Family Physicians
Toby Bayless
CEO
2615 Anderson Highway, Suite A
Powhatan, Virginia 23139

Employee:

Leah Lecuyer
15924 Swindon Court
Midlothian, Virginia 23139

Such addresses may be changed from time to time by either party by providing written notice in the manner set forth above.

**16. ENTIRE AGREEMENT.** This Contract contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Contract supersedes any prior written or oral agreements between the parties.

**17. AMENDMENT.** This Contract may be modified or amended, if the amendment is made in writing and is signed by both parties.

**18. SEVERABILITY.** If any provisions of this Contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**19. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

**20. APPLICABLE LAW.** This Contract shall be governed by the laws of the Commonwealth of Virginia.

**21. SIGNATORIES.** This Contract shall be signed by Toby Bayless, CEO on behalf of Powhatan Family Physicians and by Leah Lecuyer in an individual capacity. This Contract is effective as of the date first above written.

Toby Bayless, CEO
Powhatan Family Physicians

Date: 09/08/2020

Leah Lecuyer

Date: 09/08/2020

DocuSign Envelope ID: 7221C32D-9B85-7AB8-30EF-063CA2128962

EXHIBIT A



**Position Title:** Nurse Practitioner

**Classification:** Non-Exempt

**Department:** Powhatan Family Physicians

**Title of Manager or Supervisor:** Chief Medical Officer

**Positions Supervised:** None

**Summary of Job Duties:** The Nurse Practitioner is responsible for providing high quality and timely nursing care and treatment to patients, including performing physical examinations, ordering diagnostic tests, developing treatment plans, and prescribing drugs or other therapies.

**Nurse Practitioner Job Responsibilities:**

- Analyze and interpret patients' history, symptoms, physical findings, or diagnostic information to develop an appropriate diagnosis;
- Counsel patients about drug regimens and possible side effects or interactions with other substances such as food supplements, over-the-counter (OTC) medications, and herbal remedies;
- Detect and respond to adverse drug reactions, with special attention to vulnerable populations such as infants, children, pregnant and lactating women, and older adults;
- Develop treatment plans based on scientific rationale, standards of care, and professional practice guidelines;
- Diagnose or treat acute health care problems such as illnesses, infections, and injuries;
- Educate patients about self-management of acute or chronic illnesses, tailoring instructions to patients' individual circumstances;
- Order, perform, or interpret the results of diagnostic tests such as complete blood counts (CBCs), electrocardiograms (EKGs), and radiographs (x-rays);
- Prescribe medication dosages, routes, and frequencies based on patients' characteristics such as age and gender;
- Prescribe medications based on efficacy, safety, and cost as legally authorized;
- Recommend interventions to modify behavior associated with health risks.

DocuSign Envelope ID: ...

- Manage on-call responsibilities during non-business hours on a rotational basis as member of on-call team of qualified medical professionals

## Additional Responsibilities:

Performs other duties as assigned.

## Nurse Practitioner Qualifications/Skills:

- Professionalism
- Customer focus
- Confidentiality
- Bedside manner
- Medical teamwork

## Education, Experience, and Licensing Requirements:

- Unencumbered full license as nurse practitioner issued by the state of Virginia
- 2+ years in a medical office preferred
- Experience with EMR (electronic medical records), medical terminology
- Previous experience in specific medical field preferred

## Specialized Knowledge and Skills:

- Excellent communication and interpersonal skills
- Organized and motivated self-starter
- Experience in Microsoft Office, Word/Excel required
- Commitment to PrimeCare's Mission

Date: 10/31/2019

 Gmail

David Lecuyer <dlecuyer83@gmail.com>

## Fwd: Payday delayed - update
1 message

**Leah Webber** <webberleah@gmail.com>                                   Sun, Sep 12, 2021 at 9:17 PM
To: David Lecuyer <dlecuyer83@gmail.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Toby Bayless <tobybayless@primecaremanagementservices.com>
> **Date:** December 21, 2020 at 10:06:47 AM EST
> **To:** llecuyer@primecaremanagementservices.com
> **Cc:** webberleah@gmail.com
> **Subject: Re: Payday delayed - update**

Good Morning, Leah

Thank you so much for understanding - that really means a lot to me. I received a report from the NEW billing company over the weekend that looks promising and we're scheduled to meet with them this morning so I will definitely have some timelines to report to you and the others this afternoon. Of course, we definitely want to keep you with us and I am hopeful you will be able to stay. Let's talk either later today or tomorrow after we both know more about when you will be paid. If we can't pay you soon, I will certainly work with you to amend or terminate the contract - whichever way is fair for both of us.

Toby Bayless

CEO
PrimeCare Management Services
www.primecaremanagementservices.com

On Friday, December 18, 2020, 08:43:04 PM CST, llecuyer@primecaremanagementservices.com <llecuyer@primecaremanagementservices.com> wrote:

Good Evening Toby,

I appreciate the update regarding the status of the billing situation and how you are working toward a resolution. I can only imagine the amount of anxiety you must be dealing with personally and from your staff as a result of the unforeseen billing issue. As I try to plan on next steps and mitigate financial impacts from delayed payroll distributions, I wanted to inquire about the overall expected length of the payroll delay and if you think this will be a long term (more than a

DocuSign Envelope ID: ... Email - bwd - Pay delayed - update
9/17/21, 1:52 PM

month) or more of a short term issue where all pay will be current by mid-January. Based on the situation, I feel that it is important to review our employee loan agreement and consider my request to be released from the agreement based on our current operational state.

I know you are working hard on finding an optimal solution and I appreciate your efforts.

Please let me know your thoughts and I look forward to hearing your update Monday and possibly talking more in depth / one on one.

Thanks,

Leah Lecuyer


On 2020-12-18 15:49, April R. Emory wrote:
> Toby,
> Thank you for the update and your leadership. I am optimistic this too
> shall pass positively.
> April
>
> Quoting Toby Bayless <tobybayless@primecaremanagementservices.com>:
>
>> Good Evening,
>>
>> Unfortunately, at this point, I don't have much of an update on
>> exactly when paychecks will be available. The new billing company,
>> Health Cents is supposed to provide us with a report tonight to help
>> answer that question and I'm scheduled to meet with them on Monday
>> morning. I should be able to give you an estimate of how much
>> longer the wait will be after our meeting. I'll work with Linda to
>> set up a meeting with you around lunchtime on Monday for me to share
>> what we find out. I can't thank you enough for your patience and
>> amazing commitment. You will be compensated for all of your hard
>> work as soon as possible.
>>
>> Toby Bayless
>>
>> CEO
>> PrimeCare Management Services
>> www.primecaremanagementservices.com
>
> April R. Emory, LSW, MSW, MHS
> Director of Business Development
> PrimeCare Management Services
>
> aemory@primecaremanagementservices.com
>
> 773-917-4407
> 224-766-0119 Mobile

DocuSign Envelope ID: 7E2B8627-2B85-4003-8D2F-05EA7A2E6B922



DocuSign Envelope ID: F2E502F7-5B85-4AB0-86E4-6B54AEE2B492



**New Message**                    Cancel

To: Toby

Fri, Jul 16, 4:57 PM

Sorry.  Running 30 minutes late

Ok

Sat, Jul 17, 2:00 PM

Hey Leah.  I still haven't heard back from the guys I'm trying to get a loan.  I'll contact you later today or tomorrow when I hear something.  If i don't hear from them by 6 pm Eastern tomorrow, let's get in touch at that time so i can at least send you 1000 until they give me an answer



Hi Toby, that sounds good.  I know this is stressful and thanks for staying on top of it and keeping me informed.  Talk to you tomorrow.

DocuSign Envelope ID: ...6E5C01D14564B4AB...



**New Message**                    Cancel

To: Toby

Hey Leah. I was able to get someone to contribute another thousand, so I will be able to send you at least 2000 tomorrow after he goes to the bank in the morning. Please call me anytime after 11 AM Eastern so I can send your payment. Thanks!

Sun, Jul 18, 7:21 PM

That's really good news, appreciate your efforts and I hope everything with the billing catches up soon. I'll call you tomorrow. Have a good evening!

Mon, Jul 19, 2:33 PM

Hi Leah. I'm trying to schedule some calls this afternoon but i want to make we connect. Do you know what time you might be calling?



Text Message



DocuSign Envelope ID: 722D321748B85-AB58C1D8C4AE21B322





DocuSign Envelope ID: 722E32E76B89-4AB9-80C4-0BC4A212B3C2







DocuSign Envelope ID: ...

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| Leah Lecuyer and Linda Aldridge on behalf of themselves and others similarly situated, | |
| **Plaintiffs,** | |
| v. | |
| **PrimeCare Consulting and Management LLC d/b/a Physicians Care Clinic, f/k/a Powhatan Family Physicians, and** | CIVIL ACTION NO. ___3:21cv688___ |
| **Toby Bayless, and** | |
| **Shelanda Hayes, MD,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiffs Leah Lecuyer and Linda Aldridge, on behalf of themselves and all others similarly situated, respectfully moves for judgment against Defendants PrimeCare Consulting and Management LLC d/b/a Physicians Care Clinic formerly known as Powhatan Family Physicians, Toby Bayless, and Shelanda Hayes, MD (collectively "Defendants"), as follows:

### Introduction

1.      This is a claim for unpaid minimum wages and/or overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), and pendent state law claims under the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA"), Virginia Overtime Wage Act, § 40.1-29.2 ("VOWA"), and the Virginia Minimum Wage Act, § 40.1-28.8

*et seq.* ("VMWA"). Plaintiffs bring this as a collective action on behalf of themselves and others similarly situated.

## Jurisdiction and Venue

2.     This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.  Plaintiff seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for her state law claims.

3.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5.     Leah Lecuyer ("Lecuyer") is a resident of Virginia who was employed by Defendants as a Nurse Practitioner.

6.     Linda Aldridge ("Aldridge") is a resident of Virginia who was employed by Defendants as an Office Manager.

7.     PrimeCare Consulting and Management LLC ("PrimeCare") is a Virginia limited liability company, which purports to have its principal office in the County of Powhatan, Virginia.

8.     Toby Bayless ("Bayless") is the owner, and/or an executive and/or a controlling member of PrimeCare Consulting and Management LLC, and/or the current or former Chief Executive Officer (CEO) of Powhatan Family Physicians. Bayless is responsible for the terms and conditions of Plaintiffs' employment with Defendants, and is jointly and severally

2

responsible with other Defendants for the non-payment of wages to Plaintiffs.

9.    Shelanda Hayes, MD ("Hayes") is the Chief Medical Officer (CMO) of PrimeCare Management Services. Upon information and belief, Dr. Hayes is an owner, and/or an executive and/or a controlling member of PrimeCare Consulting and Management LLC. Dr. Hayes was the direct supervisor of Plaintiffs, and was responsible for the terms and conditions of Plaintiffs' employment with Defendants, and is jointly and severally responsible with other Defendants for the non-payment of wages to Plaintiffs.

10.    On information and belief, Defendant PrimeCare Consulting and Management LLC is a medical practice that operates Physicians Care Clinic formerly known as Powhatan Family Physicians in Powhatan, Virginia.  According to filings with the Virginia State Corporation Commission, Defendant PrimeCare lists its principal office as being located at 2615 Anderson Highway, Suite A, Powhatan, VA 23139.  Plaintiffs' employment contract merely identifies the employer as "Powhatan Family Physicians."  At all relevant times, Defendants employed Plaintiffs.

**Factual Allegations**

11.    Lecuyer began working as an independent contractor on July 20, 2020, and was later hired as a full-time employee on September 11, 2020 as a Family Nurse Practitioner in Defendant's Powhatan, Virginia office.  Lecuyer was employed until July 12, 2021.

12.    At all times, Lecuyer was paid by Defendants on an hourly basis for her services.

13.    Since Lecuyer was paid on an hourly basis, she was entitled to receive an overtime premium for all hours that she worked beyond 40 hours in a week pursuant the FLSA, and since July 1, 2021, pursuant to VOWA.

3

14.     Other than periods of leave (Lecuyer took maternity leave from February 1 to May 26, 2021) or vacation, Lecuyer regularly worked approximately 41 hours per week or more.

15.     Despite Lecuyer working 41 or more hours per week, when defendants paid Lecuyer (which was not consistent, and sometimes not at all), it usually paid her for no more than 36 hours per week.

16.     Dr. Hayes was aware that Lecuyer regularly worked more than 40 hours per week. Dr. Hayes specifically instructed Lecuyer not to enter more than 36 hours per week on her timesheets even though she regularly worked more than that amount.

17.     Plaintiff Aldridge began working as an office manager around June 26, 2020, and was employed until July 13, 2021.

18.     Beginning in January 2021, Aldridge did not supervise two or more full-time employees.

19.     From January 2021 forward, the duties Aldridge performed for Defendants did not qualify for any exemption to the overtime pay requirements pursuant to the FLSA, or since July 1, 2021 pursuant to VOWA.

20.     At all times, Aldridge regularly worked at least 45 hours per week.

21.     When Defendants paid Aldridge (which was not consistently), Defendants failed to pay an overtime premium for all hours worked over 40 hours per week pursuant to the FLSA, and after July 1, 2021 pursuant to VOWA.

**Common Allegations**

22.     From approximately December 15, 2020 to July 12, 2021, Defendants failed to make payroll.

4

DocuSign Envelope ID: 722B6527-5B85-4AB9-8BC1-BBC4A2125822

23.    All employees of Defendants were not paid their regular pay checks during this timeframe.

24.    Defendants Bayless and Hayes offered myriad excuses and promises to Plaintiffs, and other employees, that they would eventually get paid.

25.    After missing payroll, Defendant Bayless, without any method or rationale, paid some employees through an electronic application ("app") on a smartphone (e.g., Zelle), or issued check cards, for various random amounts less than the full payroll amounts owed to the employees.

26.    Defendants' failure to pay employees during the timeframe at issue was a uniform policy, applicable to all employees.

27.    Lecuyer, Aldridge, and other similarly situated employees, were not paid the wages owed to them in violation of Code of Virginia, § 40.1-29.

28.    Lecuyer, Aldridge, and other similarly situated employees, were not paid the overtime premiums owed to them in violation of the FLSA and VOWA, Code of Virginia, § 40.1-29.2.

29.    Lecuyer was not paid any wage for certain hours worked in violation of the minimum wage requirements of the FLSA, and since May 1, 2021 pursuant to the Virginia Minimum Wage Act requiring a minimum wage of $9.50, in excess of the federal minimum wage of $7.25 per hour.

30.    Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b), and pursuant to Code of Virginia § 40.1-29(J), on behalf of themselves an all other similarly situated employees of Defendants who were not paid their wages, any overtime

5

premium, and/or minimum wages.

31.     Plaintiffs were all subject to the same payroll practices of Defendants.

32.     Defendants' failure to pay wages was a willful and/or knowing violation of the laws.

33.     Defendants Bayless and Hayes each individually, and collectively, exercised significant management and control over operations of the medical practice in Powhatan, Virginia where Plaintiffs worked.

34.     At all times, Bayless was ultimately responsible for the finances of PrimeCare including payroll, and its failure to make payroll.

35.     Bayless actively engaged in the management and supervision of Plaintiffs and the work performed by Plaintiffs and the other employees of the Defendants.

36.     Dr. Hayes also actively supervised and managed Plaintiffs and other employees, especially the medical services provided by employees of Defendants.

37.     Plaintiffs each consent to become a party plaintiff in this representative action pursuant to 29 U.S.C. § 216(b) and Va. Code 40.1-29(J), as evidenced by the "Consent to Become Party to Collective Action" attached as **Exhibit A** hereto.

**COUNT I**
**FLSA Violation**

38.     At all times relevant, Defendants failed to pay a minimum wage and/or overtime premium to Plaintiffs or similarly situated employees.

39.     Defendants knew that Plaintiffs were not paid minimum and/or overtime wages for all hours worked. Defendants knowingly and willfully failed to pay Plaintiffs all minimum and/or overtime wages due.

6

## COUNT II
### Violation of Va. Code § 40.1-29 (Virginia Wage Payment Act)

40.     Defendants have violated Va. Code § 40.1-29 by failing to pay Plaintiffs their wages for all hours worked.

41.     Defendants knew that Plaintiffs were not paid for all hours worked. Defendants knowingly and willfully failed to pay Plaintiffs all wages due.

## COUNT III
### Violation of Va. Code § 40.1-29.2 (Virginia Overtime Wage Act)

42.     Beginning July 1, 2021, Defendants have violated Va. Code § 40.1-29.2 by failing to pay Plaintiffs an overtime premium for all hours worked beyond 40 hours per week.

43.     Defendants knew that Plaintiffs were not paid overtime wages for all hours worked over 40 hours per week. Defendants knowingly and willfully failed to pay Plaintiffs all overtime wages due.

## COUNT IV
### Violation of Va. Code § 40.1-28.8 *et seq.* (Virginia Minimum Wage Act) (Plaintiff Lecuyer)

44.     Beginning May 1, 2021, Defendants have violated the Virginia Minimum Wage Act by failing to pay any wage to its hourly wage employees including Lecuyer and similar hourly employees.

45.     Defendants knew that Lecuyer and others similarly situated were not paid any wages for certain hours worked in violation of the VMWA. Defendants knowingly and willfully failed to pay Lecuyer and similarly situated employees a lawful minimum wage.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following relief against Defendants:

A.     an order conditionally certifying a group or groups of putative collective

7

DocuSign Envelope ID: 722E52E7-0B85-4AB9-8DC1-0BC4A212B5D2

action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.      money damages for all unpaid wages, minimum wages, and/or overtime premiums owed under the FLSA and/or Virginia law;

C.      Liquidated damages under the FLSA and/or Virginia law;

D.      Triple damages for a "knowing" violation under Virginia law;

E.      pre-judgment and post-judgment interest;

F.      reasonable attorneys' fees and costs expended in the prosecution of this action;

G.      any and all further relief permissible by law.

Plaintiffs respectfully demand **TRIAL BY JURY**.

Respectfully submitted,

**Leah Lecuyer and Linda Aldridge, on behalf of themselves and others similarly situated**
Plaintiffs

By:____/s/_____
          Craig Juraj Curwood (VSB No. 43975)
          Zev H. Antell (VSB No. 74634)
          Butler Curwood, PLC
          140 Virginia Street, Suite 302
          Richmond, VA 23219
          Telephone: (804) 648-4848
          Fax: (804) 237-0413
          craig@butlercurwood.com
          zev@butlercurwood.com

DocuSign Envelope ID: F2358A77-8B85-4A0D-90C2-1AC47EE662D4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEAH LECUYER &
LINDA ALDRIDGE,
          PlaintiffS,

v.                                    Civil Action No. 3:21cv688

PRIMECARE CONSULTING &
MANAGEMENT, LLC d/b/a
PHYSICIANS CARE CLINIC f/k/a
POWHATAN FAMILY PHYSICIANS, et al.,
          Defendants.

## **ORDER**

This matter comes before the Court on a suggestion of bankruptcy filed by the plaintiffs. (ECF No. 8.) On October 29, 2021, the plaintiffs filed a complaint asserting claims under the Fair Labor Standards Act, the Virginia Wage Payment Act, the Virginia Overtime Wage Act, and the Virginia Minimum Wage Act against Defendants PrimeCare Consulting and Management, LLC ("PrimeCare"), Toby Bayless, and Shelanda Hayes. The plaintiffs are former employees of PrimeCare who assert that the defendants failed to pay them minimum and overtime wages for hours worked.

On November 17 and November 19, 2021, the plaintiffs returned executed summons as to all defendants. The time for the defendants' responsive pleadings came and went, and on January 12, 2022, the Clerk issued a letter directing the plaintiffs to proceed with the case.

On January 13, 2022, the plaintiffs filed a suggestion of bankruptcy. They assert that "Defendant Toby Bayless . . . filed for Chapter 13 Bankruptcy on November 23, 2021, in the United States Bankruptcy Court, Northern District of Illinois, Case No. 21-13372." (ECF No. 8.) Neither PrimeCare nor Defendant Hayes have filed for bankruptcy. (*Id.*) The plaintiffs ask this

Court to "enter [a] stay as to Defendant Bayless" and enter an "order that this case may proceed against the other defendants." (*Id.*)

Pursuant to 11 U.S.C. § 362(a)(1),[1] the Court STAYS the proceedings as to Defendant Bayless. Upon due consideration, the Court ORDERS that the case proceed as to PrimeCare and Defendant Hayes. The Court DIRECTS the plaintiffs to file a status report every ninety (90) days following the entry of this Order, informing the Court of the status of the case and explaining whether the stay should be lifted or continued. The Court DIRECTS the Clerk to mail a copy of this Order to the defendants at the addresses provided by the plaintiffs. (ECF No. 8, at 2.)

It is so ORDERED.

Let the Clerk send a copy of this Order to the plaintiffs.

Date: 14 January 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[1] When a debtor files a voluntary petition for bankruptcy pursuant to § 301, § 362(a)(1) triggers a stay against "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title."

2