F I L E D

**UNITED STATES BANKRUPTCY COURT**

IN THE UNITED STATES BANKRUPTCY COURT **NORTHERN DISTRICT OF ILLINOIS**
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION **MAR 16 2022**

| | | |
|---|---|---|
| IN RE: | ) | **JEFFREY P. ALLSTEADT, CLERK** |
| | ) | Chapter 13 |
| **Toby Bayless,** | ) | Case No. 21-13372 |
| | ) | |
| **Debtor(s).** | ) | **Judge Baer** |

## OBJECTION TO DEBTOR'S OBJECTION AND AMENDED OBJECTION TO THE CLAIM OF LEAH LECUYER (CLAIM NO. 20)

Now Comes creditor Leah Lecuyer objecting to debtor's objection to claim of Leah Lecuyer (Claim No. 20) (Docket No. 31), and debtor's amended objection to claim of Leah Lecuyer (Claim No. 20) (Docket No. 38) for the following reasons:

1.     Leah Lecuyer's proof of claim was received by the Clerk's office on January 31, 2022, before the February 1 deadline. *See* **Exhibit 1** (FedEx Label), **Exhibit 2** (FedEx tracking update email confirming Jan. 31, 2022 delivery), **Exhibit 3** (Fed Ex proof of delivery confirming delivery on Jan. 31, 2022).

2.     Courts have held that a filing is made when it is received by the Clerk. *See In re Magnum*, 2006 WL 3626775 (N.D. IL, Dec. 7, 2006); *In re Foust*, 2021 WL 5578361 (N.D. IN, Nov. 30, 2021).

3.     In this case the Clerk stamped Lecuyer's Proof of Claim as being filed on February 4, 2022 (See Claim 20-1), although the evidence in the attached exhibits demonstrates the Clerk received the same on January 31, 2022.

4.     For this reason the Court should overrule debtor's objection that Lecuyer's claim was untimely.

5.     On March 15, 2022, three days before the scheduled hearing of Mach 18, 2022, debtor filed an amended objection (Doc. No. 38) setting forth a newly asserted basis for

objection before the Court, i.e. that "the claim filed by Lecuyer does not provide any grounds that the alleged debt is owed by the Debtor." *See* Doc. 38, p. 2 of 3 at ¶ 6.

6.      Debtor's objection on this newly raised basis violates Rule 3007(a) which requires at least 30 days notice of an objection before any scheduled hearing.

7.      For this reason the Court should overrule debtor's objection that the debt is owed to Lecuyer.

8.      In any event, Lecuyer's Proof of Claim sets forth a prima facie claim that the Debtor, the owner of a business that employed Lecuyer, exercised significant control to establish individual liability under the Fair Labor Standards Act and the Virginia Overtime Wage Act. *See* Claim No. 20-1 at pp. 18-25 (attaching civil complaint alleging that: Bayless was responsible for the terms and conditions of Lecuyer's employment and was jointly/severally responsible for non-payment of wages (complaint at ¶ 8); Bayless personally made some wage payments (complaint at ¶ 25); Bayless exercised significant control, was ultimately responsible for, and actively managed or supervised the practice and the employees (complaint at ¶¶ 33-35).

9.      The Fair Labor Standards Act defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).  Furthermore, the term "person" is defined broadly to include an "individual". 29 U.S.C. § 203(a). Thus, an individual, whether a company officer, director, supervisor or manager, may be subject to individual liability for FLSA violations. *See Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983).

10.     The Virginia Overtime Wage Act also defines an employer as any "person acting directly or indirectly in the interest of an employer in relation to an employee." Code of Virginia § 40.1-29.2,

11.   For these reasons the Court should overrule debtor's objection that he owes the debt to Lecuyer.

Leah Lecuyer
*Pro Se*
Creditor
c/o
Craig J. Curwood
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804-648-4848
Email: craig@butlercurwood.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing to be mailed to counsel for the debtor, and to the Trustee as follows:

Cutler & Associates, Ltd.
1901 N. Roselle Rd, 8th Floor
Schaumburg, IL 60195
Counsel for Debtor

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350

Leah Lecuyer

3